## WYMAN v. LANCASTER and others.

*(Circuit Court, E. D. Missouri. November 20, 1887.)*

1. CARRIERS—LIEN FOR FREIGHT—RETENTION OF GOODS IN CUSTOM-HOUSE—
   ACTION TO RECOVER.

   In order to recover property held by a collector or other customs' officer under Rev. St. U. S. § 2981, which provides that whenever the collector shall be notified of a lien for freight on any goods imported he shall hold the same until it is shown that the freight has been paid or secured, the consignee should first tender the amount of freight he admits to be due, and if declined he should tender a sufficient bond conditioned to pay all freight that may be found to be due or that may be adjudged due by any court of competent jurisdiction. Should this be declined, proof of these tenders should be made to the collector; who, if he finds the bond adequate to secure the carrier, should release the goods on the deposit with him, for the use of the carrier, of the bond originally tendered.

2. SAME.

   In an action to recover property held by a collector of customs or other customs officer under Rev. St. U. S. § 2981, providing for the detention of goods upon which the carrier has a lien for freight, and arbitrarily detained by him after tender of a sufficient bond for the security of the carrier, the petition should show all the steps taken to secure a release of the property, including the tender of freight, the tender of the bond, and the proof of these facts before the collector.

*John M. Holmes*, for plaintiff.

*Thos. P. Bashaw*, U. S. Atty., for defendants.

THAYER, J., *(orally.)* In this case a question arises as to the duty of a collector of customs when he is in possession of property imported from abroad on which all of the duties due the United States have been paid, and a controversy arises between the consignee of the goods and the carrier who has transported them from the sea-coast in bond, as to the amount of the freight that is due for such transportation. The statute relating to the subject is as follows:

"Section 2981. Whenever the collector or other chief officer of the customs of any port shall be notified in writing by the owner or consignee of any vessel or vehicle arriving from any foreign port, of a lien for freight on any merchandise imported in such vessel or vehicle and remaining in his custody, such officer may refuse the delivery of such merchandise from any public or bonded warehouse, or other place in which the same shall be deposited, until proof to his satisfaction shall be produced that the freight due thereon has been paid or secured; but the rights of the United States shall not be prejudiced thereby, nor shall the United States, or its officers, be in any manner liable for losses consequent upon such refusal to deliver."

It is perfectly clear, in view of that section, that if the consignee does not pay the freight, or offer to secure it, that it is the duty of the collector to retain the goods in his possession to secure the carrier's lien. It is equally clear, in my opinion, that it is the duty of the collector to deliver the goods when the freight has been tendered, or in the event of a controversy as to the amount, when the amount claimed by the carrier has been duly secured. A practical difficulty arises in cases of this kind

where the consignee and carrier disagree as to the amount of the freight. The law makes no provision as to the kind of security to be given,— whether it shall be a bond, or a money deposit; nor does it authorize the collector to take a bond in any sum or form. My judgment is that in a case of this character the consignee should, in the first instance, tender to the carrier the amount of freight he admits to be due. If the same is declined, a sufficient bond should be tendered the carrier by the consignee, conditioned to pay all freight that may ultimately be found to be due, or adjudged to be due in any court of competent jurisdiction. If the carrier, on the tender of such bond, will not consent to the delivery of the goods, but insists upon their being held by the collector, then proof of such facts—that is to say, proof of the tender of the freight admitted to be due, and proof of the subsequent tender of a bond to the carrier—should be made to the collector; and if he is satisfied that the bond tendered is adequate to secure the carrier, he should deliver the goods on the deposit with him, for the use of the carrier, of the bond originally tendered to the carrier.

If, after all these steps have been taken, the collector arbitrarily refuses to deliver the goods, although the bond is adequate in form, and in amount of security, an action in my opinion will lie against the collector to recover the goods. The petition in such case, however, should set out all the steps that have been taken by the consignee to secure the release of his property. The petition in this case is an ordinary petition in replevin. It does not set out any of the steps that have been taken by the consignee to enforce the delivery of the property. I am not advised by the petition whether there was any tender of freight to the carrier, or whether the petitioner tendered any bond to the carrier, or whether he made proof of such facts before the collector; and in the absence of such proof I cannot enter an order directing the collector to deliver up the goods.

However, the petition in this case can be amended so as to show what steps have been taken; and if the court is satisfied, by affidavits, that a good and sufficient bond has been tendered to the transportation company to secure the freight claimed, and if the court is further satisfied by affidavit that proof of the fact of the tender of such a bond has been made before the collector, and that he arbitrarily refuses to give up the property, then the court will enter an order upon the collector directing the delivery of the goods to the consignee. The statute does not intend that the collector's office shall be so administered as to compel a consignee to pay an unjust demand for freight, or be deprived for an indefinite period of the possession of his goods.

The petition can be amended within such time as the plaintiff in the case desires, and the application for an order of delivery renewed.